COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS






STUART EADS CLEMENTS,

                            Appellant,

V.

THE STATE OF TEXAS,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 §

 §


No. 08-09-00215-CR

Appeal from the

271st Judicial District Court 

of Wise County, Texas 

(TC#14,535) 





O P I N I O N
            Stuart Clements appeals his conviction for misdemeanor assault of an elderly individual. 
He received a 1 year county jail sentence, which was suspended in favor of 2 years’ of
community supervision. On appeal, he raises a single issue challenging the sufficiency of the
evidence supporting his conviction.
            Wise County Sheriff’s Department Officer Mark Adams was dispatched to the Yellow
Rose Café near Bridgeport, Texas, to investigate a disturbance on August 20, 2007. At
approximately 11:30 that morning, Mrs. Nelva Reeves, a café employee, who was seventy-two
years’ old at the time, encountered Appellant at the restaurant’s cash register after Appellant
began complaining about his meal and the service he received. Mrs. Reeves offered to let
Appellant leave the restaurant without charge, and suggested that he try another establishment. 
During their conversation, Mrs. Reeves noticed that Appellant smelled like he had been drinking. 
Despite her requests that Appellant leave the premises, Appellant continued to argue about his
dissatisfaction.
            In order to avoid disturbing other customers during the cafe’s daily lunch rush,
Mrs. Reeves asked Appellant if he would step outside with her. The two stepped out into the
parking lot, where Mrs. Reeves hoped Appellant would simply get in his vehicle and leave. She
explained in her statement to the police that morning, that after she escorted Appellant out of the
restaurant, she again, told him to leave the premises. As she turned to go back inside, her right
knee, which was bandaged due to a broken knee cap, gave way. She told the officer that she
“brushed” Appellant’s face in an attempt to regain her balance, and that Appellant proceeded to
slap her face, open handed, causing her to fall into the gravel parking area under the front of
another customer’s vehicle. As a result of the fall, Mrs. Reeves injured a muscle in her groin,
bruised, and tore the rotator cuff in her shoulder and skinned her forearm.
            When Officer Adams arrived at the café, Appellant was being detained by local police
officers based on an outstanding warrant. Officer Adams placed Appellant in his patrol car,
where, according to the officer, Appellant began voluntarily explaining the events which had lead
to the disturbance call. Appellant told the officer he “didn’t mean to hurt her,” that “she had
belittled him,” and that he “felt really bad for hurting her.” According to Appellant’s
explanation, he hit Mrs. Reeves because she “pushed him over the edge; and he did not mean to
hit her.” Appellant also admitted to Officer Adams that he had consumed three beers prior to
going to the café that morning, and that he had a forth beer with his meal.
            Appellant was convicted by the trial court of assault against an elderly individual. The
court sentenced him to one year in Wise County Jail, and suspended his imprisonment pending
Appellant’s completion of two years’ of community supervision. On appeal, Appellant raises a
single issue challenging the factual sufficiency of the evidence supporting the conviction on
several bases.
            As a preliminary matter, we must note that since Appellant filed his brief with this Court,
the Texas Court of Criminal Appeals has ruled that the only standard applicable to determine
whether the evidence is sufficient to support each element of a criminal offense is the Jackson v.
Virginia, legal sufficiency standard. See Brooks v. State, 323 S.W.3d 893, 912 (Tex.Crim.App.
2010). Therefore, in the interests of justice, and in light of the Brooks decision, we will construe
Issue One as a challenge to the legal sufficiency of the evidence.
            A legal sufficiency review requires the appellate court to determine whether,
“[c]onsidering all the evidence in the light most favorable to the verdict, was a jury rationally
justified in finding guilt beyond a reasonable doubt.” See Brooks, 323 S.W.3d at 899, citing
Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). When
conducting such a review, this Court is required to defer to the fact finder’s role as the sole judge
of witness credibility, and the weight of their testimony is to be afforded. Brooks, 323 S.W.3d at
899.
            A person commits the offense of assault against an elderly individual if that person
intentionally or knowingly causes physical contact with another person who is sixty-five years
old or older, which the actor knows or should reasonably believe that the other would regard as
offensive or provocative. See Tex.Penal Code Ann. § 22.01(a)(3) and (c)(1)(West Supp.
2010).
            In this case, Appellant’s arguments are centered on his contention that there is insufficient
evidence to sustain the court’s conclusion that he did, in fact, strike Mrs. Reeves. In support of
his argument, Appellant cites to Officer Adams’ testimony that he did not actually witness the
crime, as well as other evidence that Mrs. Reeves may have simply fallen to the ground due her
previous knee injury. In essence, Appellant asks us to reevaluate the credibility which the trial
court attributed to Mrs. Reeves statement and testimony that Appellant struck her in the face, and
to disregard that evidence on the basis that it is contrary to the evidence that Mrs. Reeves’ fall
was caused by her broken knee cap. In light of the deference we must show to the fact finder, as
required by the standard of review for legal sufficiency, we decline to do so. See Brooks, 323
S.W. 3d at 899.
            Viewing the evidence in the light most favorable to the verdict, we conclude that a
reasonable fact finder could have determined beyond a reasonable doubt that Appellant did
intentionally cause his hand to contact Mrs. Reeves’ person in a way that she could reasonably
regard as offensive by striking her in the face. Accordingly, the evidence is not legally
insufficient to support the conviction, and Issue One is overruled.
            Having overruled Appellant’s sole issue, we affirm the trial court’s judgment.


May 18, 2011
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)